OSCAR VOYEN et al., Contestants and Appellants, v. EAGLE SCHOOL DISTRICT OF RICHLAND COUNTY, STATE OF NORTH DAKOTA, a Corporation, et al., Contestees and Respondents.

(181 N. W. 82.)

**Schools and school districts — contest of vote for construction of schoolhouse properly dismissed for insufficiency of notice.**

In this case four electors of a school district gave notice to contest a vote

for the construction of a schoolhouse. The notice did not state sufficient grounds for a contest. It was not served in time, and the special method provided by statute for contesting a general election does not apply to this case. *Held,* the contest was properly dismissed.

Opinion filed January 4, 1921.

Appeal from District Court of Richland County; Honorable F. J. *Graham,* Judge.

Affirmed.

*G. H. Korsvik,* for appellant.

It follows that the election in question is governed by the laws regulating general elections and this naturally includes the statutory mode of contesting such elections. Nelson v. Gass, 27 N. D. 357; Kadlac v. Pavik, 9 N. D. 278, 83 N. W. 5.

In Minnesota, also, the statute regulating contests of general elections has been held applicable to the contest of municipal elections. 76 Minn. 55, 78 N. W. 865; Deepenbrock v. Gates, 35 Minn. 385, 23 N. W. 927; State v. Dowlan (Minn.) 24 N. W. 188.

"The meaning of such statutes, §§ 1184, 1185, Comp. Laws 1913, is not to be gathered from exact grammatical analysis and definition." Torgerson v. Golden Valley School Dist. 171 N. W. 626; Weiderholt v. Lisbon School Dist. 161 N. W. 809.

*Forbes, Lounsbury, & Forbes,* for respondents.

There is no law which authorizes the said pretended contest or gives the court jurisdiction to maintain such notice. 15 Cyc. 394, 397 and cases cited; 10 A. E. E. L. 816.

The notice and statement required to be served by the contestant on the contestee constitute the predicate upon which the power of the court is set in motion, and unless served within the time required by statute the court has no jurisdiction to hear and determine the contest. 15 Cyc. 399 and cases cited.

ROBINSON, J. On March 6, 1920, in Eagle school district, of Richland county, there was held an election to vote on the question of constructing a schoolhouse. A majority of four persons voted in favor of the construction. On April 9, 1920—thirty-four days after the election—appellants served a notice to contest the election. This is an ap-

peal from a judgment dismissing the contest on the ground that the law does not permit of the contest, and that the notice of contest was not served in time, that is, within twenty days after the election.

The grounds of contest are: (1) That the election was conducted in too small a room; (2) that no booths or compartments were prepared in which to mark the ballots; (3) that no railing was provided to separate the electors marking the ballots; (4) that by reason of such failure the electors were unable to prepare and mark their ballots secretly. The objections are all trivial. The election of a country school district is a kind of a family affair. The electors are few. They meet and freely discuss the affairs and take no pains to conceal their beliefs. The usual meeting place is a schoolhouse and the desks are used for marking ballots; but if there is no schoolhouse or church building, the election may be at the residence of some elector. In either case the construction of booths would be considered ridiculous.

The notice of contest was served under the statute providing for contesting a general election. Comp. Laws, § 1046. Obviously this statute does not apply to such a school district election, and under the statute the notice of contest must be served within twenty days after the election, and that was not done in this case. But appellant contends that under § 943 the time limit for serving such a notice of contest is forty days. Section 943 reads: "An action to contest the right of any person to any office or to annul and set aside such election may be commenced within forty days." But that section does not apply. A notice of contest is not the commencement of an action.

"An action is an ordinary proceeding in a court of justice, by which one party prosecutes another party for the enforcement or protection of a right, or the redress or prevention of a wrong, or the punishment of a public offense." Section 7330. "Every other remedy is a special proceeding." Section 7331.

In any view of the case, the court was clearly right in dismissing the contest.

Judgment affirmed and case remanded forthwith.

CHRISTIANSON, Ch. J. (concurring specially). I agree with Mr. Justice Robinson that the notice of contest herein was not served in time. The election was held March 6, 1920, the notice of contest was served

April 9, 1920. Appellants assert that they are entitled to maintain this contest under the provisions of §§ 1046–1058, and 943, Compiled Laws 1913. Section 1046, supra, provides: "Any person claiming the right to hold an office, or any elector of the proper county desiring to contest the validity of an election or the right of any person declared duly elected to any office in such county, shall give notice thereof, in writing to the person whose election he intends to contest within twenty days after the canvass of the votes of such election, which notice shall be served in the same manner as a summons in a civil action." It is conceded that the notice of contest herein was not served within the time prescribed by § 1046, supra. But appellants contend that § 1046 has been amended, and that the time in which to serve notice of contest has been extended to forty days, by § 943, Comp. Laws 1913, which reads: "Any action to contest the right of any person declared elected to any office, or to annul and set aside such election, or to remove from or deprive any person of an office of which he is the incumbent for any offense mentioned in this article must, unless a different time be stated, be commenced within forty days (40) after the return of the election at which such offense was committed, unless the ground of the action or the proceeding is for illegal payment of money or other valuable things subsequent to the filing of the statements prescribed by this article, in which case the action or the proceeding may be commenced within forty (40) days after the discovery by the complainant of such illegal payment." It is true § 943 is a later enactment than § 1046, but from that it by no means follows that it operated as a repeal of any of the provisions of § 1046.

It is presumed that all laws are passed with a knowledge of those already existing, and that the legislature does not intend to repeal a statute without so declaring. Lewis's Sutherland, Stat. Constr. 2d ed. § 267. "A later and an older statute will, if it is possible and reasonable to do so, be always construed together, so as to give effect not only to the distinct parts or provisions of the latter, not inconsistent with the new law, but to give effect to the older law as a whole, subject only to restrictions or modifications of its meaning, when such seems to have been the legislative purpose." Lewis's Sutherland, Stat. Constr. 2d ed. § 247. An implied repeal on the ground of repugnancy will not result in any case unless both the object and the subject of the statutes are the same. 26

47 N. D.—12.

Am. & Eng. Enc. Law p. 727. "A subsequent statute which institutes new methods of proceeding does not, without negative words, repeal a former statute relative to procedure." Lewis's Sutherland, Stat. Constr. 2d ed. § 260.

Section 943, supra, was embodied in and a part of the Corrupt Practice Act of this state. It was not the purpose of that act to prescribe the procedure in election contests. The purpose of that act—(as stated in the title)—was "to secure the purity of elections, limit candidates' election expenses, to define, prevent and punish corrupt and illegal practices in nominations and elections, to provide for furnishing information to the electors; and to provide a penalty for the violation" thereof. It will be noted that section 943 by its terms is restricted to actions brought to contest, or to annul and vacate, elections for violations of the Corrupt Practice Act. It does not purport to relate to, or to affect or alter the procedure applicable in, election contests instituted under the provisions of §§ 1046–1058, Comp. Laws 1913. In my opinion a party desiring to institute a contest under the provisions of § 1046, must serve the notice of contest within the time fixed in that section. And the institution of the proceeding within the time so provided is an essential element of the right to maintain the proceeding at all. Walton v. Olson, 40 N. D. 571, 170 N. W. 110. It clearly appears that this proceeding was not instituted within the time prescribed, and hence the trial court properly ordered a dismissal.

I express no opinion as to whether the notice stated facts sufficient to constitute grounds for a contest; or as to whether an election for the construction of a school house is subject to contest.

BRONSON and BIRDZELL, JJ., concur.

GRACE, J. (concurring specially). I concur in the opinion of Mr. Justice Robinson, but, on the sole ground, that the notice to contest the election was not served in time.