A. H. BARNES, C. H. McGee and Others, Appellants, v. EUGENE MEEHAN, Mike Shinn and R. B. Keidel, as Directors of Common School District Number Thirty-five in Cass County, and Mrs. Eugene Meehan, as Clerk of Said Common School District, and Common School District Number Thirty-five in Cass County, North Dakota, Respondents.

(212 N. W. 856.)

**Schools and school districts — election —moving schoolhouse — cannot be contested.**

Article 21 of chapter 11 of the Political Code, which provides for contesting elections upon service of notice, is examined and held not to authorize the contesting of an election held in a school district upon a proposal to move a schoolhouse from one location to another.

Opinion filed March 21, 1927.

Schools and School Districts, 35 Cyc. p. 938 n. 48 New.

Appeal from the District Court of Cass County, *Cooley,* **J.**
Affirmed.

*Lemke & Weaver,* for appellants.

In a notice of contest certainty is required, but not technical precision of averment.   9 R. C. L. § 155; Whitney v. Blackburn, 21 Pac. 874.

"The notice of election serves the purpose of a summons and complaint or petition, as the case may be."   20 C. J. §§ 276, 277.

"An election is void if enough persons are unlawfully deprived of an opportunity to vote, ·or legal votes were thrown out, to change the result."   20 C. J. § 225.   See also Kempin v. Burns, 195 S. W. 643.

*J. E. Hendrickson,* for respondents.

"The ordinary mode of obtaining an injunction is by moving after notice to the defendant, a reasonable notice being generally required. . . . To proceed without notice would be final adjudication upon a deprivation of a right without due process of law."   14 R. C. L. p. 324, ¶ 24.

"The fact that qualified voters were erroneously, but in good faith,

prevented from voting at an election, by the inspectors thereof, will not defeat the election, and the person receiving the plurality of the votes actually cast was elected." State v. Hanson (Wis.) 58 N. W. 237.

BIRDZELL, Ch. J. This is an appeal from an order vacating and setting aside a restraining order in a contest proceeding and dismissing the same. The proceeding was instituted by the service of a notice of election contest. The notice recites the school election to have been held on the 4th day of August, 1926, for the purpose of voting on the question of moving a schoolhouse from one location to another within the district. A number of grounds of contest are stated, among which may be mentioned the leaving of the ballot box unguarded, resulting in divers persons marking ballots and placing the same in the box while the judges were outside the building wherein the election was held; the canvassing and soliciting of votes by the judges of election during the time the election was in progress; the failure to give warning of the closing of the polls and closing the same without warning before the expiration of the time limit, resulting in certain named qualified electors being prevented from voting; the intimidation of certain voters while engaged in the act of voting by the judges and clerks of election, resulting in said votes being so marked that they were thrown out; that ballots so marked as to indicate an intention of the voters to vote against the proposition were illegally thrown out and doubtful and mutilated ballots were counted in favor of the removal; and it is alleged that upon a proper count of the legal votes the removal proposition which was declared carried by one vote should have been lost.

A restraining order was issued by the judge of the district court, restraining the respondents in the notice from moving the schoolhouse from its present location during the pendency of the contest and until the further order of the court. A few days after the issuance of the restraining order an order to show cause was issued requiring the contestants to show cause why the "action" and the injunctional order should not be dismissed, vacated and set aside. Upon the hearing the district court vacated the injunctional order and dismissed the "action" on the grounds that the complaint did not set forth sufficient facts to

55 N. Dak.—15.

sustain a contest or for the granting of any relief sought in the proceedings. This is the order from which the appeal is taken.

While there is some contention upon this appeal that the order appealed from should not have been made by the judge who made it, inasmuch as another judge of the same district had issued the original restraining order, it does not appear from the record that the appellant is in a good position to raise such question. The order appealed from recites that the hearing upon the order to show cause had been "brought before the court at said time by agreement between counsel," and it nowhere affirmatively appears in the record that any objection was made in the court below either to the issuance of the order or to the hearing on the same by the judge whose action is here questioned.

This contest proceeding was evidently begun under § 1046 of the Compiled Laws for 1913, which provides for instituting election contests by notice. This section, however, is especially designed to give the right of contest to persons "claiming the right to hold an office, or any elector of the proper county desiring to contest the validity of an election or the right of any person declared duly elected to any office in such county," by the giving of a notice of contest "to the person whose election he intends to contest within twenty days after the canvass." Obviously, this section does not provide for contesting the validity of an election in a school district upon a proposition of moving a schoolhouse by an elector by the service of notice, as the statute contains no direction for the service of such a notice upon any individual or officer. Section 1051, Compiled Laws of 1913, makes specific provision by which electors may institute contest proceedings by notice upon leave of the district court where it is desired to contest the validity of an election involving the removing or changing of county seats or changing of county lines. And this section makes specific provision for service upon the county commissioners or a majority of them. Nowhere in the article is there any provision referring to contests of school elections upon propositions for the removal of schoolhouses. Had it been intended to authorize such election to be contested by notice, specific provision would doubtless have been made with reference to the service of the notice as in cases of contesting elections to office and of contesting certain county elections upon propositions submitted to the voters. Contest by notice is, of course, a statutory pro-

cceding and may only be resorted to in those instances where it has been authorized. We are of the opinion that this proceeding has not been authorized as a means of contesting such an election as the one in question. Such was the specific declaration of Judge Robinson in the case of Voyen v. Eagle School Dist. 47 N. D. 174, 181 N. W. 82, where it was said, at page 176 of the state report: "Obviously this statute (§ 1046) does not apply to such a school district election."

It follows from this that the order appealed from was right and it is affirmed.

NUESSLE, CHRISTIANSON, BURKE, and BURR, JJ., concur.